Harold E. Simpson, J.
One Alex Novick has brought an action in Supreme Court, Chenango County, against Chenango Gas Company, Inc., and Morgan’s Gas Service, Inc., for personal injuries suffered in an explosion.
In his complaint he alleges in substance that on or about June 23, 1960 he was on the premises of Chenango and Morgan’s to deliver and discharge a trailer load of propane gas into the system and mechanisms maintained by Chenango and Morgan’s, that there was an explosion when he turned off a switch used in the unloading process and that there resulted a conflagration injuring Novick.
Paragraph Tenth of Novick’s complaint specifies the allegations of negligence against the defendants. It is as follows: “ That the negligence of the defendants consisted of maintaining upon their said premises a discharge facility for the discharge of propane gas into gas systems located thereon in an *178 unsafe, dangerous and unlawful condition; in failing to provide adequate, safe and explosionproof switches for the control of the compressor systems located thereon; in failing to repair safety switches which became defective although the defective condition thereof was reported to defendants and of which they had or should have had knowledge in the exercise of reasonable care; in permitting the use upon their said premises of unsafe and improperly designed switches for the control of electrical current in the vicinity of highly volatile and explosive liquid gases and gas vapors; in failing to provide a safe place for work by this plaintiff and others similarly situated and in that said defendants were otherwise negligent and careless. ’ ’
The case at bar, an action for declaratory judgment, has been brought to settle a general controversy, in which all the parties are interested, as to the respective obligations of two insurance companies, Allstate Insurance Company and -¿Etna Casualty and Surety Company.
While Orion Insurance Company was a party defendant, it has been discharged as such under a general stipulation that it is to be bound by the determination here for or against Allstate or as it affects Allstate.
-¿Etna has issued two similar policies of public liability insurance, one indemnifying Chenango and the other indemnifying Morgan’s.
Allstate carried a policy of automobile liability insurance on the truck of the defendant, Woodridge L. P. Gas Corporation, by whom Novick was employed, and from which truck Novick was discharging gas at the time of the explosion.
That policy contained the following provisions:
Allstate “ agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.”
It defines the insured as follows: “ insured * * * includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the name insured * * * or with the permission of any insured.”
The use of the vehicle is defined as follows: “ Use of the automobile for the purposes stated includes the loading and unloading thereof.”
All the parties except Allstate claim that this policy covers Chenango and Morgan’s under the unloading clause. Allstate claims that the policy does not cover Chenango and Morgan’s.
*179 There seems little room for dispute that the Woodridge truck was being unloaded at the time of the explosion or conflagration. The controversy arises over whether Chenango and Morgan’s were using the truck at the time.
There is no need to discuss the technical operation of the unloading process. It is enough to say that the Woodridge truck and the alleged defective switch and machinery of Chenango and Morgan’s were each essential parts of the actual unloading equipment. The particular process required the simultaneous and joint use of the truck and the alleged defective switch and machinery of Chenango and Morgan’s.
Under the “ complete operation ” theory or, in any event, in pursuance of the construction given in New York to the words “ use in loading and unloading thereof” Chenango and Morgan’s were engaged in the use of the Woodridge truck.
In furnishing equipment which was required as part of the' unloading operation which was connected to the truck and essential to the unloading and delivery to Chenango and Morgan’s, they provided equipment that was “factually used” to unload the truck. (Macy & Co. v. General Acc. Fire & Life Assur. Corp., 4 MisC 2d 89.) While the language in the Macy case, so far as it relates to the case at bar, is strictly obiter, the reasoning need not be disregarded. When Chenango and Morgan’s supplied an essential part of the unloading equipment attached for unloading to the truck itself, they engaged in the unloading process as effectually as if they assigned an employee or agent to assist in the work (e.g., Wagman v. American Fid. & Cas. Co., 304 N. Y. 490; Macy & Co. v. General Acc. Fire & Life Assur. Corp., supra).
It being the determination that Allstate is an insurer in the transaction, the question arises as to the priority of obligation between Allstate and .¿Etna.
The policies issued by .¿Etna to Chenango and Morgan’s specify that insurance thereunder with respect to loss “ arising out of the * * * use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.” (Emphasis added.) The plaintiffs were “using” the Wood-ridge truck within the intendment of the Allstate policy and the “ excess ” clause of the .¿Etna policy is applicable here. No provision in the Allstate policy, urged as controlling by counsel for Allstate, is effectual to limit its priority. Allstate is, therefore, the primary insurer and .¿Etna will not be liable until Allstate ’s coverage is exhausted. (General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659.)