■ CHARLES SFINAS, Plaintiff, v. 1400 BROAD STREET REALTY CORP. et al., Defendants. CHICAGO SUPERMARKET NEW HARTFORD CORP., Third-Party Plaintiff-Appellant, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Third-Party Defendant-Respondent.— Order unanimously reversed, with costs, and motion denied, without costs. Memorandum: This appeal is from an order dismissing the third-party complaint of Chicago Super Market (hereinafter " Chicago ") against American Mutual Liability (hereinafter " American "). " American " issued a liability policy covering the plaintiff's automobile which contained the usual clauses with respect to additional insureds being covered during the loading and unloading process. The plaintiff's complaint alleges that on September 7, 1962 while at the place of business of " Chicago " he was unloading a supply of meat at a loading platform from a pushcart owned and maintained by " Chicago ". The meat was being loaded into plaintiff's vehicle. The complaint further alleges that the pushcart was in poor mechanical condition and dangerous to those using it and was carelessly and negligently maintained by " Chicago ". The complaint also alleges that the loading platform itself was improperly constructed and negligently maintained. " Chicago " in

its third-party complaint alleges it was assisting the plaintiff in the loading process and thus became an additional insured under the policy issued by "American" to the plaintiff. It is conceded on this appeal that no employees of "Chicago" were participating in the actual loading or unloading process. Special Term decided "The accident happened during the period when the car was being loaded, but the process of loading was not its efficient producer. The accident did not arise out of the loading process." It is difficult to determine whether the decision is based on a determination that the accident resulted only from a defective condition of the loading dock or on the fact that no employee of "Chicago" was assisting in the loading process. We conclude that whichever basis was used it was error. If the former, Special Term decided a factual issue which can only be resolved at trial. If the latter, we disagree since we see no difference between furnishing a defective piece of equipment to be used in the loading process which causes injury and an employee furnished to assist in the process who negligently deports himself (*Chenango Gas Co.* v. *Allstate Ins. Co.*, 39 Misc 2d 177, affd. 19 A D 2d 928). We conclude the third-party complaint states a cause of action and the order should be reversed. (Appeal from order of Oneida Special Term, dismissing third-party complaint.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.