Irving H. Saypol, J.
This action for declaratory judgment was tried to the court to interpret the provisions of two automobile liability insurance policies, one issued by the plaintiff Great American Insurance Company (hereinafter Great American), to Walter Schaefers, covering his Opel automobile and the other issued by the defendant State-Wide Insurance Company (hereinafter State-Wide), to defendant Ewald Schaefers, covering his Buick automobile. The parties have stipulated the facts. On October 21, 1959, Walter’s Opel automobile could not be started. He obtained his father Ewald’s permission to use Ewald’s Buick to go to work. While Walter was driving the Buick he collided with another car whose passenger, Mrs. Pauline Levenson, thereupon sued both for personal injuries.
The dispute between the two insurance carriers involves the question of the obligation to defend and to pay Mrs. Levenson.
Plaintiff’s contention is that defendant State-Wide’s Ewald policy provided primary insurance as to Walter, and that plaintiff Walter’s policy was secondary and excess insurance; therefore State-Wide should defend Walter and Ewald, and State-Wide must pay Mrs. Levenson up to the limits of its policy.
State-Wide’s answer is a general'denial with affirmative defenses. Its first affirmative defense is that the Buick, owned *524 by Ewald was used by Walter on October 21 as a temporary substitute automobile within the meaning of the term ‘1 temporary substitute automobile ”, in the plaintiff’s policy, therefore the primary responsibility to pay and defend, as between Walter and Ewald, rested on the plaintiff carrier. Defendant State-Wide’s second affirmative defense is that although plaintiff received timely notice of the occurrence, it failed to give notice to State-Wide within a reasonable time, all to its prejudice, and that thereby plaintiff has waived any rights to insurance coverage under the State-Wide policy. The third defense pleads that plaintiff is estopped for not giving timely notice.
The parties have stipulated that the plaintiff has no adequate remedy at law and that a real justiciable issue exists between the carriers. The court, in discretion, accepts jurisdiction of the controversy.
These are the standard clauses found in both policies, as the parties have stipulated. Subject to the limits of the policy “ the carrier agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the * * * use of the automobile. * * * ‘ Insured ’ as defined * * * the unqualified word ‘ insured ’ includes the named insured * * * and any person while using the automobile * * * provided the actual use of the automobile is by the named insured or such spouse, or with the permission of either.” (Emphasis supplied.)
The duty of the carrier to defend is included in the clause ‘ ‘ defend any suit against the insured alleging such injury ’ ’.
“ Automobile means ” * * *
“ (3) temporary substitute automobile — An automobile not owned by the named insured * * * while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. * * *
“ Other insurance — If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss, provided, however, the insurance ivith respect to temporary substitute automobiles shall be excess insurance over any other valid and collectible insurance ” (emphasis supplied).
*525 Walter was driving Ewald’s Buick car, insured by StateWide, with the permission and consent of Ewald. Inasmuch as the Buick was being used with the permission of Ewald, the named insured, Walter was an insured as defined in the StateWide policy. The Buick automobile was being used as a temporary substitute automobile by Walter because of the breakdown of his Opel. State-Wide argues that because Walter was the named insured in the Ewald policy issued by the plaintiff, containing the “ temporary substitute automobile clause,” it was the plaintiff’s duty to defend Walter as the user and Ewald as the owner of the Buick. At the very least, claims State-Wide, because of the “ other insurance ” clause in both policies, both carriers should be equally liable “ pro rata ” according to that clause inasmuch as each policy provides coverage in the same amount.
Upon further reading of the “ other insurance ” or “ prorata clause,” one sees the words “ provided, however, the insurance with respect to temporary substitute automobiles shall be excess insurance ”. Without this clause it would appear then that there might be substance to the State-Wide’s argument for prorata or equal coverage on the part of both carriers. But the express language of the clause negates any prorata application as between the insurers. As regards the State-Wide policy, the temporary substitute automobile condition was inapplicable since the Buick was owned by State-Wide’s insured and excess limitation was inapplicable. As concerns the plaintiff, however, the Buick was indeed a temporary substitute automobile used by Walter and covered by other valid insurance. As a temporary substitute automobile, the condition limited coverage to excess. Walter did not have “ other insurance against a loss ”. The insurance provided by plaintiff to Walter only became effective on the exhaustion of State-Wide’s policy limits as secondary or excess insurance. And by the same token it did not constitute the “ other insurance ” mentioned in the State-Wide policy, on which State-Wide could base its claim for a prorata application. Consequently, there is no prorata application. State-Wide is primarily liable to the full extent of its policy limits as concerns Walter and Ewald and it is also responsible for their defense in the Levenson action (Hardware Mut. Cas. Co. v. Massachusetts Bonding & Ins. Co., 129 N. Y. S. 2d 304; General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659; Citizens Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co., 273 F. 2d 189; Employers’ Liab. Assur. Corp. v. Fireman’s Fund Ins. Group, 262 F. 2d 239; Benroth v. Continental Cas. Co., 132 F. *526 Supp. 270; Southern Farm Bur. Cas. Ins. Co. v. Allstate Ins. Co., 150 F. Supp. 216).
State-Wide, by its second, separate defense, has interposed what amounts to a disclaimer of liability.
It is conceded that State-Wide never sent any written notice of disclaimer to Walter.
In order to disclaim liability under its policy, State-Wide was required in law to give written notice of such disclaimer “ to the insured and to the insured person or any other claimant ” (Insurance Law, § 167, subd. 8). No such notice was sent to the insured, and I find no evidence that such notice was ever sent to the claimant Levenson. “ Defendant by failing to comply with the requirements of the Insurance Law, by giving a written disclaimer, has waived the delay on the part of the assured and the plaintiff in giving notice of the accident. [Citing cases.] ” (Ætna Cas. & Sur. Co. v. Fireman’s Fund Ins. Co., 40 Misc 2d 813, 816.)
Moreover, the attorneys presently representing State-Wide also represented Ewald. Ewald is not now independently represented. These attorneys urge the court to find that State-Wide has duly disclaimed liability and is free of its obligation under its policy, all in the absence of independent legal representation on the part of Ewald. To accept this argument would prejudice Ewald. Moreover, the plaintiff in the Levenson action, who would be affected, has not been brought into this declaratory action and has not appeared. The affirmative defenses are dismissed.
Judgment may be entered herein declaring that the policy issued by plaintiff is limited to secondary or excess insurance. The policy issued by State-Wide is primary insurance and, under that policy, State-Wide is obligated to defend both Walter and Ewald and to pay any judgment that may be rendered against them in the Levenson action up to the limits of its policy. Plaintiff is declared liable under its policy for the same claim but only as an excess insurer and after State-Wide’s policy shall have been exhausted.
Great American may, if it desires, protect its interests in the matter by participating in the defense, together with State-Wide (General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659, 669, supra).