JOHNSON, Judge.
In this tort action the plaintiff obtained a judgment in the sum of $8,049.85, with interest, rendered by the Twenty-Fourth Judicial District Court, Jefferson Parish, for personal injuries, property damage and expenses, against Government Employees Insurance Company. In the same judgment, the Government Employees Insurance Company, as a third-party plaintiff obtained judgment over and against The Home Indemnity Company for four-fifths of the amount. Both defendants appealed and the original plaintiff answered the appeal. After the record was lodged in this court, by joint motion of plaintiff Drude and defendant Government Employees Insurance Company, the appeal of Government Employees Insurance Company was ordered dismissed. The only issue now before this court is whether the third-party defendant, The Home Indemnity Company, is liable for any amount and, if so, how much.
Gordon E. Ryals and John L. Harris, both residing in the State of Mississippi, were employed by Retail Credit Bureau of America, Dallas, Texas, as salesmen of the Bureau’s collection service of commercial accounts. The Credit Bureau instructed Ryals and Harris to attend a meeting of salesmen with its district manager, Parker Smith, in New Orleans. On April 21, 1966, Ryals and Harris came to New Orleans together to attend the meeting. Ryals was driving Harris’ Buick automobile oh Veteran’s Highway in Jefferson Parish when the car was in collision with an automobile owned and driven by plaintiff, John A. Drude. Plaintiff filed this suit against Ryals and various other defendants some of whom, by third-party petitions, called in third-party defendants. Ryals was not served or cited. By stipulations and motions the issues and parties were narrowed to plaintiff’s demands against Government Employees Insurance Company, the public insurer of Ryals, and the third-party demand of Government Employees Insurance Company against The Home Indemnity Company, the public liability insurer of the Retail Credit Bureau of America.
*649 The insurance policy issued by Government Employees Insurance Company to Ry-als afforded primary coverage while driving his own automobile in the amount of $25,000.00 for one person and $50,000.00 for one accident. The policy contained a provision that with respect to the liability of Ryals while driving a non-owned automobile, as he was on this occasion, the insurance company would be liable only for excess coverage over any other valid collectible insurance.
The policy of The Home Indemnity Company to Retail Credit Bureau of America, in the amount of $100,000.00 for one person, was issued apparently to protect the Credit Bureau against any liability adjudged against it under the doctrine of respondeat superior. The Credit Bureau did not own any automobiles but it employed sales representatives over a large area of states. The policy did not list the names of any employees as being included in the coverage, but the insured paid an additional premium for 33 employees of one class and 16 of another class. Employee Ryals could be protected by this policy only if his operation of the Harris’ automobile at the time of the accident was within the scope and course of his employment as a salesman of the Credit Bureau. The policy of The Home Indemnity Company also contained an escape clause that made this insurer liable only for excess insurance in an amount over any other valid collectible insurance. Harris had no public liability insurance whatever.
The respective escape clauses in these two policies, limiting the coverage in each to excess insurance, are mutually repugnant and reciprocally ineffective, which creates an absurdity. It is the rule in such a situation that where both assureds are found to be liable the loss is prorated between the two insurers. Graves v. Traders and General Insurance Company, La.App., 200 So.2d 67.
There being no issue as to Ryals’ negligence and no other insurance as to the Harris automobile, the Government Employees Insurance Company insurance must be treated as primary coverage, in view of our determination that Ryals was not acting in the scope and course of his employment. For this reason there can be no contribution by The Home Indemnity Company.
 We find the facts pertaining to Ryals’ status to be briefly, as follows: The State of Mississippi was assigned to Ryals as his territory in which to sell the service of the Credit Bureau. Louisiana and Arkansas made up the territory of employee Harris. These employees worked their respective areas on their own time in their own way. They were required to make weekly reports of their accomplishments and business prospects. It was to receive instructions from Parker Smith, the Credit Bureau’s district manager, on a change in manner and time of making such reports that brought Ryals and Harris to New Orleans on that occasion. These employees received no mileage or automobile or travel expenses and no payment for their time to attend the meeting. The employer did not deduct any amount for social security or income tax. Their compensation for services rendered was entirely on a percentage commission of the amount of business realized for the Credit Bureau. Under these facts and circumstances this case definitely falls within the general rule that a traveling salesman is not acting within the scope of his employment while en route to attend a meeting of salesmen at the request of the employer. Moreover, even if the requirement of Ryals by his employer to attend the meeting in New Orleans be construed to bring Ryals within the scope of his employment while en route to the meeting, that requirement could not be stretched to include any and all travel for pleasure or other purpose while in New Orleans. Therefore, before Ryals could be held to be within the scope of his employment he should be required to prove that he was actually traveling to *650 the meeting at the time of the accident. Ryals testified that he did not remember where he was going at the time of the accident or for what purpose.
This particular subject has been discussed in several Louisiana decisions including the cases of Taylor v. State Farm Mutual Automobile Ins. Co., La.App., 171 So.2d 816; Wills v. Correge, La.App., 148 So.2d 822; Romero v. Hogue, La.App., 77 So.2d 74 and Gallaher v. Ricketts, La.App., 191 So. 713.
There are some decisions which have held that employees attending meetings called by the employers were acting in the scope of their employment but in those cases there are distinguishing circumstances to require a different ruling. None of the circumstances applicable in those cases which held the employees to be acting within the scope of their employment, when attending meetings called by the employer, is present in the case now before this court, except the bare fact that the employer required the employee to attend the meeting. The leading cases on this subject are as follows: O’Brien v. Traders and General Insurance Company, La.App., 136 So.2d 852, and Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245.
For these reasons it is ordered that that part of the final judgment of the trial court of date February 8, 1968, in favor of third-party plaintiff, Government Employees Insurance Company, and against third-party defendant, The Home Indemnity Company, awarding the sum of four-fifths of any amount paid to John Drude by the third-party plaintiff be and the same is hereby reversed.
It is now ordered, adjudged and decreed that judgment be in favor of third-party defendant, The Home Indemnity Company, and against third-party plaintiff, Government Employees Insurance Company, dismissing the claim of said third-party plaintiff at its cost.
It is further ordered, adjudged and decreed that said final judgment of the trial court of February 8, 1967, in all other respects be and it is hereby affirmed, with costs to be paid by Government Employees Insurance Company.
Reversed in part and affirmed in part.