**CROWLEY'S MILK CO., Inc., Plaintiff-Appellee,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Defendant-Appellant.**

**No. 619, Docket 34277.**

United States Court of Appeals, Second Circuit.

Argued March 19, 1970.

Decided April 30, 1970.

---

Montfort, Healy, McGuire & Salley, Garden City, N. Y. (John J. McGuire, E. Richard Rimmels, Jr., Garden City, of counsel), for plaintiff-appellee.

Alexander, Ash & Schwartz, New York City (Sidney A. Schwartz, New York City, of counsel), for defendant-appellant.

Before MOORE and FEINBERG, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge:

Plaintiff Crowley's Milk Co., Inc., brought this action for a declaratory judgment that it is an unnamed insured under an insurance policy issued by defendant American Mutual Liability Insurance Company to the Samuel Products Corp. ("Samuel"). Judge Dooling held that plaintiff was an unnamed insured under the policy, that defendant was the primary insurer, and that plaintiff's own insurer, the Insurance Company of North America ("INA"), was liable only for excess coverage. Defendant appeals.

The facts are not in dispute. On May 25, 1963, plaintiff's employees at its plant in LaFargeville, New York, loaded its dairy products onto a truck owned by Samuel for delivery to the plant of Walter Pape, Inc., in Queens, New York. The truck was unloaded in Queens by Pape's employees. One of Pape's employees, Ludwig Kuerner, has instituted an action against plaintiff in Supreme Court, Queens County, alleging that plaintiff loaded the truck negligently, causing him injuries when the negligently loaded goods toppled over on him as he unloaded the truck. Kuerner seeks damages of $350,000 in that action. Following the institution of the Kuerner action, plaintiff brought this action for a declaratory judgment.

* Of the Southern District of New York, sitting by designation.

Samuel is insured by defendant. The policy provides that defendant agrees to pay "on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile." The policy further provides that "Use of an automobile includes the loading and unloading thereof," and defines "insured" as including the named insured (Samuel) and also "any person while using an owned automobile * * * provided the actual use of the automobile is by the named insured or with his permission." Defendant contends that plaintiff is not an "insured" within the meaning of the policy because the accident itself did not occur while plaintiff was using the automobile, even though the accident arose out of plaintiff's negligence while using (i.e., while loading) it. Judge Dooling held otherwise, and granted a declaratory judgment in favor of plaintiff against defendant. We affirm Judge Dooling's judgment that plaintiff is covered as an unnamed insured under defendant's policy with respect to the Kuerner claim, for the reasons stated in his opinion of August 7, 1969, 313 F.Supp. 502 (E.D. N.Y.1969). To recover in his action against plaintiff, Kuerner must prove that his injuries were caused by the negligent loading by plaintiff of the Samuel truck at LaFargeville, which is precisely the coverage of the policy issued by defendant to Samuel, since the negligence, if proven, would be the cause of injuries "arising out of the * * * use of any automobile," "use" including "loading" under the policy.

Judge Dooling also held that defendant was the primary insurer to the extent of its policy limitation of $250,-000, and that plaintiff's own insurer, INA, was liable only as an excess insurer to the extent of its policy limitation of $100,000. Defendant contends that plaintiff's coverage under the INA policy is $600,000, and that liability, if it is found that plaintiff is covered under defendant's policy, should be apportioned pro rata between it and INA.

A careful study of the policy provisions supports Judge Dooling's holding.

The first "Declarations" page of the INA "policy" lists the following named insureds: "Crowley's Milk Company, Inc., Crowley's Netherland Corp., Quality Dairy, Inc., A. M. Axelrod and Son, Inc.," and states that "The business of the named insured is Milk and Milk Products." There follows a clause providing that:

"The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy having reference thereto."

The applicable coverage is "Coverage A —Bodily Injury Liability," under which INA agrees

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person and caused by accident." [1]

The Declaration covering plaintiff's "Comprehensive Liability Policy" provides for "Limits of Liability" of $100,-000 per person under "Coverage A." Defendant does not dispute that that is the extent of plaintiff's coverage under that policy. Defendant contends that plaintiff has an additional $500,000 of coverage under another Declaration dated "8–27–62" and entitled "Comprehensive Automobile Liability Policy." [2] The

---

1. "Endorsement #8" to the policy deletes the language "caused by accident" from "Coverage A" and with respect thereto substitutes for the words "accident" or "accidents" whenever used in the policy the words "occurrence" or "occurrences."

2. Defendant's contention, advanced at argument and in its answering brief, that

named insured on that Declaration is "Quality Dairy and Crowley's Milk Company." The "Limits of Liability" for "Bodily Injury Liability are $500,000 for each person, and defendant contends that this coverage combined with the "Comprehensive Liability Policy" coverage raises plaintiff's total coverage to $600,000.

However, despite this Declaration, plaintiff is not an insured under this "Comprehensive Automobile Liability Policy." Plaintiff is named in many of the Declarations contained in the policy, apparently for purposes of identification; to determine whether it is an insured, reference must be made to other Declarations and whether premiums are charged. For example, there is another Declaration entitled "Comprehensive Automobile Liability Policy" also dated "8–27–62" which designates plaintiff as the only named insured, but states that plaintiff is "Not covered" and "Coverage is not provided during the term of this policy." As stated by Judge Dooling, "The contract advertently provided no Comprehensive Automobile Liability Policy for plaintiff," 313 F.Supp. at 505 (Record at 71a). Moreover, the "Automobile Liability Schedule" lists plaintiff's premium payments as "Nil," and "Endorsement #16, Installment Payments by Entity," shows that plaintiff's premium payments were for "G.L." (General Liability) only, there being no payments for "A.L." (Automobile Liability). Therefore, plaintiff's coverage under the INA policy was limited to the $100,000 provided in the "Comprehensive Liability Policy."

■ Both the INA and defendant's policies contain identical "Other Insurance" clauses, which provide:

" * * * insurance under this policy with respect to * * * the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Defendant argues that because these "Other Insurance" clauses are identical and because each company would be primarily liable if it were the only insurer, "there must be an apportionment pro rata." Federal Insurance Co. v. Atlantic National Insurance Co., 29 A.D.2d 204, 205, 287 N.Y.S.2d 212, 214 (1st Dept. 1968), rev'd on other grounds, 25 N.Y.2d 71, 302 N.Y.S.2d 769, 250 N.E.2d 193 (1969); Lorraine Textile Specialties, Inc. v. Employers Mutuals of Wasau, N.Y.L.J. Jan. 3, 1969, p. 18. The determinative factor, however is whether the clauses conflict. The *Federal Insurance* case involved the driver of a car rented from the Hertz Corporation; the driver's own policy (Federal) contained a clause that coverage while driving a non-owned car was to be excess over any other collectible insurance, while the Hertz policy (Atlantic) specified that all of its coverage was excess over any other collectible insurance. The New York Court of Appeals held that apportionment was appropriate, its rationale being that:

"In the present case, both policies cover the same occurrence and both contain 'excess' clauses. If we were to take the language literally and give effect to each of these 'other insurance' clauses, we would be required to conclude that neither policy provided primary coverage. But that would be a logical impossibility since, quite obviously, there can be no excess insurance absent a policy providing *primary* coverage and, in the absence of such other policy, each would be primary. To give effect to the excess clause in either of the policies would defeat the similar provision in the other and it follows, therefore, that the 'excess' clauses operate to cancel out each other, both coverages must be treated as primary and each company is obligated to share in the cost of the settlement and the expenses." 25 N.Y.

Judge Dooling may have overlooked this Declaration, is in error; it is perfectly clear from his discussion, 313 F.Supp. at

505 (Record at 72a), that he considered it.

2d at 75, 76, 302 N.Y.S.2d at 771, 250 N.E.2d at 194.

Here, the "Other Insurance" clauses do not conflict, and therefore both clauses must be given full effect. See General Accident Fire & Life Assurance Corp. v. Piazza, 4 N.Y.2d 659, 176 N.Y. S.2d 976, 152 N.E.2d 236 (1958). The accident involved a truck *owned* by Samuel and the "Other Insurance" clause in Samuel's policy with respect to non-owned automobiles is therefore inapplicable. Plaintiff did not own the Samuel truck, so that the "Other Insurance" clause in its policy with INA is applicable, rendering INA liable only as an excess insurer. See Chenango Gas Co. v. Allstate Insurance Co., 39 Misc.2d 177, 240 N.Y.S.2d 194 (Sup.Ct.Broome Co. 1963), aff'd, 19 A.D.2d 928, 245 N.Y.S. 2d 330 (3d Dept. 1963); Great American Insurance Co. v. Schaefers, 47 Misc.2d 522, 262 N.Y.S.2d 953 (Sup.Ct.N.Y.Co. 1965); Travelers Insurance Co. v. Employers' Liability Assurance Corp., 242 F.Supp. 627 (D.Md.1965), aff'd, 367 F. 2d 205 (4th Cir. 1966). Judge Dooling observed that the *Lorraine* case, upon which defendant relies, appears to be "on all fours on the facts" and concluded that as it rested upon the *Federal Insurance* case, the terms of the policies involved must have conflicted; but it appears from the *Lorraine* opinion that the "excess" clauses were identical and, on the facts of that case, not in conflict. *Lorraine* is distinguishable, however, on the ground that the court evidently found Lorraine's insurer's "excess" clause inapplicable by reason of the fact that its liability did not arise solely out of the use of a non-owned vehicle, but also out of the use of Lorraine's premises.

Finally, it appears that INA has undertaken the defense of the action in Supreme Court, Queens County, and defendant seeks a determination that INA is not entitled to recover its expenses in defending the action. Since INA is not a party to this action and Judge Dooling did not pass upon the question, we do not decide it.

The judgment is affirmed.