535 P.2d 266 (1975)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee and Cross-Appellant,
v.
EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellant and Cross-Appellee.
No. 74-235.
Colorado Court of Appeals, Div. I.
March 18, 1975.
Rehearing Denied April 8, 1975.
Johnson, Anderson & Dressel, William F. Dressel, Fort Collins, for plaintiff-appellee and cross-appellant.
Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, Denver, for defendant-appellant and cross-appellee.
Not Selected for Official Publication.
BERMAN, Judge.
Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), filed this action against the defendant Employers Commercial Union Insurance Company (Employers) seeking indemnification. Both parties appeal the judgment entered. We affirm.
The following facts were stipulated: On the morning of January 28, 1971, Lela Mae Magnuson slid off a snow-packed road en route to her employment in Fort Collins. Thereafter, Dreiling Motors towed her automobile to its premises for repairs, and loaned Mrs. Magnuson one of its automobiles for her temporary use. On the evening of the same day, while using the Dreiling vehicle, Mrs. Magnuson was killed as a result of a collision with a truck owned by Livestock Transport, Inc. (Livestock).
*267 State Farm had issued an automobile liability insurance policy covering Mrs. Magnuson, and Employers had insured Dreiling Motors under a garage owner's liability policy. As a result, representatives of Livestock contacted both insurers relative to its claims for property damage to its truck and loss of use. However, both insurers took the position that the other company's policy provided the primary coverage and that as a result that company was responsible for payment of the claims being made by Livestock.
Subsequently, Livestock filed an action against the Estate of Lela Mae Magnuson (the Estate), and State Farm, after advising Employers that it would look to it for reimbursement of any costs, attorney fees, and judgment that might be rendered against the Estate, undertook the defense.
Judgment being entered against the Estate in favor of Livestock in the amount of $4,922.96, State Farm paid that judgment and thereafter instituted this action to recover not only the amount of the judgment paid by it to Livestock, but also the amount of $2,310.47 representing attorney fees and costs incurred by it in defending the lawsuit.
Both State Farm and Employers denied that their policies afforded coverage to the Estate for the claims of Livestock. The parties stipulated that the following quotation from State Farm's policy served as the basis for its exclusion and denial of coverage:
"Other Insurance
9. All of the foregoing provisions and all coverages are subject to the following:
. . . . . .
(b) Insurance with respect to (1) temporary substitute automobile (2) a trailer, or (3) a non-owned automobile, owned by any person or organization engaged in the automobile business, shall not apply to any liability or loss against which the insured or the owner of such vehicle has other collectible insurance available thereto, in whole or in part."
The applicable portion of Employers' policy that served as its basis for denial of liability states:
"If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy."
Based upon stipulated facts, the court found that, as applied to Mrs. Magnuson while driving the Dreiling automobile, both policies contained "escape" clauses and determined that responsibility for payment of the judgment, attorney fees, and costs should be prorated between the two insurers.
The court then proceeded to determine the amount of the proration between the parties and found that State Farm's coverage was $10,000 and Employers' was $25,000; that both State Farm and Employers standing alone had sufficient coverage to pay the entire judgment; that any proration between the parties should be based upon the maximum loss each could have incurred, absent the other insurer, as a result of this particular incident; and that each should be responsible for one-half the actual loss. In accordance with these findings, judgment was entered in favor of State Farm and against Employers for $3,617.22, plus interest and costs. Thereupon Employers filed this appeal, and State Farm cross-appealed.

Employers' Appeal
Employers urges that the judgment should be reversed because the trial court erred in not giving effect to the limited coverage provision contained in its policy, and in not finding that primary coverage was under State Farm's policy, or, in the alternative, that the trial court erred in not modifying the judgment to reflect a proration of the loss to be one-third for Employers and two-thirds for State Farm.
*268 The trial court found that each of the policies in question contained "escape" or "no liability" clauses. Such clauses generally provide that there shall be no liability if there is other valid and collectible insurance covering the risk. See 16 G. Couch, Cyclopedia of Insurance Law § 62:84 (R. Anderson 2d ed.).
Colorado has no judicial decision controlling the issues presented by this case.[1] Although many courts have attempted to resolve a conflict between a combination of clauses, such as "excess," "escape," and "pro rata," see, e. g., Crowley's Milk Co. v. American Mutual Liability Insurance Co., 426 F.2d 752 (2d Cir.); St. Paul Mercury Insurance Co. v. Underwriters at Lloyds of London, 365 F.2d 659 (10th Cir.), we have found only a limited number of decisions that attempt to resolve a conflict where two "escape" or "no liability" clauses exist. See Drude v. Ryals, 216 So.2d 647 (La.App.); see also Sparling v. Allstate Insurance Co., 249 Or. 471, 439 P.2d 616; Annot., 69 A.L.R.2d 1122. These cases hold and we adopt the rule that the clauses are mutually repugnant and, therefore, ineffective. Cf. Beeson v. State Automobile & Casualty Underwriters, Colo., 516 P.2d 623, aff'g, 32 Colo.App. 62, 508 P.2d 402.
Acknowledging that a repugnancy exists, the question remains how liability, if any, is to be apportioned. On this point there is a conflict among the authorities. Although Thompson v. Certified Indemnity Co., 30 Colo.App. 388, 495 P.2d 252, appears to be in point, that case deals with excess insurance whereas here there is no question of excess, since each policy is sufficient to pay the total loss. In addition, the policies involved here are so dissimilar as to make Certified inapplicable. The so-called majority approach is to prorate the total loss on the basis of the maximum coverage limits of each policy. See, e. g., St. Paul Mercury Insurance Co. v. Underwriters at Lloyds of London, supra; United Services Auto. Ass'n v. Hartford Accident & Indemnity Co., 220 Tenn. 120, 414 S.W.2d 836. This approach fixes the responsibility of the respective insurers in proportion to the total coverage undertaken. The so-called minority approach requires each insurer to pay one-half of the loss if the total loss does not exceed either policy limit. See, e. g., Rocky Mountain Fire & Casualty Co. v. Allstate Insurance Co., 13 Ariz.App. 31, 474 P.2d 38; Ruan Transport Corp. v. Truck Rentals, Inc., 278 F.Supp. 692 (D.Colo.). And, at least one case has held that prorationing should be on the basis of the premiums paid. Insurance Company of Texas v. Employers Liability Assurance Corp., 163 F.Supp. 143 (S.D.Cal.). The costs and expenses of defense must likewise be prorated. General Accident Fire & Life Assurance Corp. v. Continental Casualty Co., 287 F.2d 464 (9th Cir.) ; St. Paul Mercury Insurance Co. v. Underwriters at Lloyds of London, supra.
It would serve no worthwhile purpose to try to sort out and reconcile these various approaches, as each has some merit. Under the particulars of this case, where each policy is sufficient to pay the entire loss, we prefer the approach followed by the trial court which prorates the loss one-half to each insurer.
The trial court found that Employers' coverage was $25,000 with respect to the accident in question. We note that, in consideration for reduced premiums, Employers' liability, exclusive of costs, was limited to the applicable financial responsibility of $5,000. Employers' coverage was thus $5,000 rather than $25,000. However, the trial court's erroneous holding that Employers' coverage was $25,000 instead of $5,000 does not affect the correctness of its ruling that the judgment paid and the costs of defense should be prorated equally between the parties.

*269 State Farm's Cross-Appeal

State Farm's contention is that the trial court erred in not finding that primary coverage was under the policy held by Employers. Our disposition of Employers' contention adequately disposes of State Farm's claim.
Judgment affirmed.
Van CISE and KELLY, JJ., concur.
NOTES
[1] See § 10-4-707(4), C.R.S.1973, for the law governing primary coverage on automobile accidents occurring after March 31, 1974.