518 So.2d 1115 (1987)
Sydney DEAN, Individually and on behalf of Her Minor Son, James Michael Dean,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Gary Merrigner, Michael Bemis, and Trinity Universal Company of Kansas, Inc.
No. CA-7328.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Rehearing Denied February 11, 1988.
Writ Denied April 7, 1988.
*1116 Lawrence J. Ernst, Joseph R. Ballard, Christovich and Kearney, New Orleans, for Liberty Mut. Ins. Co.
Page McClendon Michell, C. Gordon Johnson, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for State Farm Mut. Auto. Ins. Co.
Joseph Maselli, Jr., Plauche & Maselli, New Orleans, for American Manufacturers Mut. Ins. Co.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
We are asked to review a district court judgment determining who pays how much as between five insurance policies. We amend the judgment, and affirm it as amended.

I.
Plaintiff was injured in a one-car accident. She was a guest passenger in a car owned by Michael Bemis and being driven by Gary Merrigner. Mrs. Bemis, wife of Michael Bemis, had asked Mr. Merrigner to drive the car.
At oral argument the parties stipulated that at the time of the accident Mr. Merrigner, an associate at the law firm of Jones Walker Waechter Poitevant Carrere & Denegre, was in the course and scope of his employment with the firm. Plaintiff was Mr. Merrigner's secretary, but was not within the course and scope of her employment at the time of the accident. Mr. Bemis is a partner with Deloitte, Haskins and Sells.
Defendants negotiated with plaintiff a settlement of her claims. She was paid $775,000.00, composed by varying contributions from each defendant insurance company. Defendant insurance companies reserved their rights to litigate among themselves the issues affecting coverage.
The coverage liability of the following five insurance policies is at issue: (1) a personal auto policy issued by State Farm to Michael Bemis providing a coverage liability limit of $100,000.00 per person on his 1981 Cadillac Seville; (2) a personal catastrophe liability policy issued by American Manufacturers Mutual Insurance Company to Deloitte, Haskins & Sells providing an excess coverage liability limit of $1,000,000.00; (3) a personal auto policy issued by State Farm to Gary Merrigner providing a coverage liability limit of $250,000.00 per person on his 1977 Buick Regal; (4) a business auto policy issued by Liberty Mutual to Jones Walker et al providing a coverage liability limit of $1,000,000.00; and (5) an umbrella excess liability policy issued by Liberty Mutual to Jones Walker et al providing an excess coverage liability limit of $2,000,000.00.
All parties agree that the personal auto policy issued by State Farm to Michael Bemis provides primary coverage and pays its limit of $100,000.00. The parties' positions are widely divergent as to the coverage liability of the other four policies for the remaining $675,000.00.
The trial judge determined that the Liberty Mutual business auto policy did not provide coverage because Gary Merrigner was not an insured under that policy. He then determined that the three remaining *1117 policies should pay equally toward the $675,000.00, i.e. $225,000.00 each. We find that although Gary Merrigner is not an insured under the Liberty Mutual business auto policy, that policy provides coverage for this accident and shares coverage liability on a proportional basis with the personal auto policy issued by State Farm to Gary Merrigner. The two remaining policies, the personal catastrophe liability policy issued by AMMICO to Deloitte, Haskins & Sells and the umbrella excess liability policy issued by Liberty Mutual to Jones Walker et al, are true excess policies whose coverage liability is not reached because the underlying coverage is adequate to satisfy the claim.

II.
From our reading of the record we assume that all parties agree that Gary Merrigner was at fault for the accident. Because he was acting within the course and scope of his employment at the time of the accident, his employer, Jones Walker et al, is vicariously liable for the damages he caused. La.C.C. Arts. 176, 2317, and 2320.
At the time of the accident Mr. Merrigner was operating a "non-owned automobile" as defined by the personal auto policy issued to him by State Farm:
"Non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of the named insured or any relative, other than a temporary substitute automobile. [He was not driving a temporary substitute automobile.]
The policy provides Mr. Merrigner coverage while driving a non-owned automobile (See Persons Insured, (b) with respect to a non-owned automobile, (1) the named insured). This coverage is modified, however, by the "Other Insurance" clause:
... The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.
The State Farm policy issued to Michael Bemis is "other valid and collectible insurance."
The Business Auto Policy issued by Liberty Mutual to Jones Walker, et al provides:
Part IVLiability Insurance
A. We will pay.
1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
Here, the insured, Jones Walker et al, is vicariously liable for the injuries and damages suffered by plaintiff. This insurance applies to those injuries and damages; and they were caused by an accident resulting from the use of a covered autoone of the categories of covered autos being:
NONOWNED AUTOS ONLY. Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or personal affairs.
Jones Walker et al did not own, lease, hire or borrow Mr. Bemis's car, and it was being used in connection with Jones Walker et al business.
This coverage, however, is also modified by an "Other Insurance" clause. That clause provides that "[f]or any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance." As noted above, the State Farm policy issued to Michael Bemis provided "other collectible insurance."
Our reading of the two insurance policies just discussed convinces us that they provide primary coverage for auto liability with that coverage modified to become excess with respect to autos covered by the policy but not owned by the insured. We base this conclusion on the clear language of the policies (as quoted above) and the absence in the policies of any requirement for any underlying insurance coverage to which either of these policies could be considered truly excess. We realize that none of the "covered autos" selected *1118 by Jones Walker et al for coverage under the Business Auto Policy issued by Liberty Mutual are owned by Jones Walker et al, but consider the absence of any requirement for underlying insurance coverage to defeat any argument that this policy provides true excess coverage. In the absence of "other collectible insurance" this policy provides primary coverage.

III.
In contrast to our categorization of the two policies just discussed, we consider the two policies remaining for our consideration to provide true excess coverage. Both the Personal Catastrophe Liability Policy issued by AMMICO to Deloitte, Haskins & Sells and the umbrella excess liability policy issued by Liberty Mutual to Jones Walker et al require of the insureds retained limits and underlying insurance coverages. In fact, the Liberty Mutual umbrella excess liability policy lists the Liberty Mutual Business Auto Policy on its schedule of underlying insurance coverages. These two excess policies provide coverage when the amount of damages exceeds the limits of all other available coverage, which coverage should be at minimum the defined retained limit or any applicable required underlying insurance. Because the amount of damages does not exceed the limits of other available coverage, we would not reach the level of coverage provided by these excess policies, and so we need not determine whether these policies provide coverage for this accident.

IV.
The personal auto policy issued by State Farm to Gary Merrigner and the business auto policy issued by Liberty Mutual to Jones Walker et al have nearly identical other insurance, excess clauses. With respect to non-owned autos both become excess to "other collectible insurance," which in this case is provided by the personal auto policy issued by State Farm to Michael Bemis. When considered together the respective excess clauses are mutually repugnant and reciprocally ineffective; each, in the absence of the other, however, would provide coverage in excess to the State Farm policy issued to Michael Bemis. We find, therefore, that both policies apply to provide this first level of excess coverage. Cf. Graves v. Traders & General Insurance Company, 252 La. 709, 214 So. 2d 116 (1968); Drude v. Ryals, 216 So.2d 647 (La.App. 4th Cir.1968), writ denied 253 La. 734, 219 So.2d 513 (La.1969).
The combined limits of both policies is $1,250,000.00. We must determine how these two policies will share liability for the remaining $675,000.00 in damages to the plaintiff.
When there is primary coverage plus multiple excess policies, an unresolved issue remains as to how the responsibility should be apportioned among the excess carriers. In Peterson v. Armstrong, [176 So.2d 453 (La.App. 3d Cir. 1965), writ denied 248 La. 369, 370, 178 So.2d 658 (1965).], the Third Circuit concluded that the pro rata provision had no applicability to the sharing of responsibility by two excess insurers. Therefore, the Third Circuit concluded that the liability in excess of the primary policy should be shared equally between two excess insurers (up to the limits of each policy).
On the other hand, the First Circuit in Blanchard v. Rodrique [340 So.2d 1001 (La.App. 1st Cir.1976), writ denied 341 So.2d 1129, 1130 (La.1977).] apportioned the responsibility between excess insurers in accordance with policy limits. It did so without discussing the issue or the Peterson decision. The Louisiana Supreme Court denied writs in both Peterson and Blanchard. The issue arises out of ambiguity in the policy provisions which should be clarified by policy revision, and some policies do specifically provide for such contingencies. In absence of such specificity, it seems the better interpretation would favor sharing responsibility on a pro rata basis under other insurance clauses similar to that which appears in the Family Automobile Policy. Contrary to the conclusion reached in Peterson, the pro rata language does not appear to be limited to *1119 circumstances in which both policies are primary. (footnotes omitted.)
15 La.Civil Law Treatise (McKenzie and Johnson, Insurance Law and Practice) Sec. 228 (1986).
The other insurance clauses of both policies contain pro rata provisions. The State Farm policy clause is the standard Family Automobile Policy clause referred to in the treatise passage quoted above. The Liberty Mutual business auto policy provides the clarifying language called for in the treatise. It provides,
When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis.
We find, therefore, that the remaining $675,000.00 in damages to the plaintiff shall be shared by the two policies on a basis proportional to their respective limits. That proportional basis is 4 to 1 (1,000,000 to 250,000), or 80% for Liberty Mutual whose policy has a limit of $1,000,000.00 and 20% for State Farm whose policy has a limit of $250,000.00.

V.
Accordingly, of the $775,000.00 in damages to the plaintiff, the first $100,000.00 is paid under the personal auto policy issued by State Farm to Michael Bemis; of the remaining $675,000.00, the business auto policy issued by Liberty Mutual to Jones Walker et al pays 80% or $540,000.00 and the personal auto policy issued by State Farm to Gary Merrigner pays 20% or $135,000.00.
To effect the settlement with plaintiff the three defendant insurance companies respectively contributed to the settlement fund as follows: State Farm, $350,000.00; AMMICO, $340,000.00; Liberty Mutual, $85,000.00. Since we have determined that State Farm's liability totals $235,000.00 ($100,000 under the Bemis policy + $135,000 under the Marrigner policy), it is entitled to a refund of $115,000.00 (350,000 - 235,000). Similarly AMMICO, which we have determined bears no responsibility in this case, is entitled to have refunded its entire contribution of $340,000.00. These two refunds (totalling $455,000.00) are owed by Liberty Mutual which contributed only $85,000.00 toward its total responsibility of $540,000.00. (540,000 - 85,000 = 455,000).
We, therefore, amend the judgment to increase the judgment in favor of American Manufacturers Mutual Insurance Company and against Liberty Mutual Insurance Company to the sum of $340,000.00 with legal interest from the date of judgment, and to increase the judgment in favor of State Farm Mutual Automobile Insurance Company and against Liberty Mutual Insurance Company to the sum of $115,000.00 with legal interest from the date of judgment. We affirm the judgment as amended. Each appellant shall pay its own costs.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.