825 So.2d 1221 (2002)
Shantell Lynn Perniciaro, Wife of/and Leon George PERNICIARO, Jr., Individually and on Behalf of the Estate of His Minor Child, Dylan Perniciaro
v.
LIBERTY MUTUAL INSURANCE COMPANY, Lakeside Management Corporation, Causeway Associates, d/b/a Lakeside Shopping Center, Greater Lakeside Corp. d/b/a Lakeside Shopping Center and J.C. Penney Company, Inc.
Nos. 2002-C-0980.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 2002.
Rehearing Denied June 28, 2002.
Writ Denied November 1, 2002.
Sidney J. Angelle, William P. McGovern, Jr., Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Defendants/Relators.
Richard G. Duplantier, Jr., John L. Fontenot, Jr., Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Defendants/Respondents.
(Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY).
*1222 GORBATY, Judge.
Defendants, Greater Lakeside Corporation and Causeway Associates (hereinafter Lakeside) seek to invoke this Court's supervisory jurisdiction to review a ruling of the court partially affirming and partially denying a Partial Motion for Summary Judgment filed by Lakeside. For the following reasons, we affirm in part, and reverse in part.
The trial court's judgment is affirmed insofar as it finds Greater Lakeside Corporation and Causeway Associates (hereinafter Lakeside) are named insureds under the commercial general liability policy issued to Ellis Company, Inc. (hereinafter Ellis) by Transcontinental Insurance Company. We reverse the portion of the judgment finding that the policy issued to Ellis Company, Inc., is excess over the commercial general liability policy issued to Lakeside by U.S. Fire Insurance Company.
Our review of the application indicates that Lakeside was an additional insured named on a policy of insurance issued by Transcontinental on the date of the alleged accident. The affidavit of Zachary Ellis, owner of Ellis Company, Inc., indicates that pursuant to an oral contract between his company and Lakeside, a certificate of insurance was issued to Lakeside naming them as additional insureds under the Transcontinental policy. Ellis and Transcontinental argued in their motion for summary judgment and in opposition to Lakeside's motion for summary judgment, that the oral contract was not for the work being performed by Ellis on the date of the alleged accident. Rather, Ellis was performing work pursuant to a written contract between Lakeside and Ellis that did not require that Lakeside be named as an additional insured on the Transcontinental policy.
The writ application contains a certificate of insurance issued by Transcontinental naming Lakeside as an additional insured. The insurance was related to work to be performed on the roof of Lakeside's building. There is a written contract between Ellis and Lakeside dated November 8, 1999, and a certificate of insurance also dated November 8, 1999, naming Lakeside as an additional insured under the Transcontinental policy. The record also contains a proposal dated November 17, 1999, and an acceptance dated December 7, 1999, for additional roofing work to be performed. Although Ellis and Transcontinental would have the two "contracts" deemed separate contracts for which separate insurance policies must be issued, the second "contract" is more analogous to a change order for the roofing work. Accordingly, Lakeside was clearly covered under the Transcontinental policy as a named insured. Therefore, we find no error in the trial court's finding that Lakeside was an additional insured.
However, we do find that the trial court erred in finding that the U.S. Fire Insurance Company policy provides primary coverage for this incident.
Insurance policies are contracts subject to the basic rules of interpretation like all other contracts. American Deposit Ins. Co. v. Myles, 2000-2457, p. 11 (La.4/25/01), 783 So.2d 1282, 1289. The "other insurance" clause of the U.S. Fire Insurance Company policy provides that it is excess coverage over "any other primary insurance available to you [Lakeside] covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement." Likewise, the "other insurance" clause of the Transcontinental policy provides that "any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured *1223 whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary or you request that it apply on a primary basis."
The various work "contracts" between the parties do not indicate that the Transcontinental policy is primary nor is there any indication that any party requested that the Transcontinental policy be designated as the primary policy.
Thus, when considered together, the respective "other insurance" clauses "are mutually repugnant and reciprocally ineffective; each, in the absence of the other, however would provide coverage" for the incident sued upon. See Dean v. State Farm Mutual Automobile Ins. Co., 518 So.2d 1115, 1118 (La.App. 4 Cir.1987). If interpreted separately, each policy would be excess coverage over and above the other policy, effectively eliminating primary coverage. An insurance exclusion must be strictly construed against the insurer and in favor of coverage. Calogero v. Safeway Ins. Co., 99-1625, p. 6 (La.1/19/00), 753 So.2d 170, 173.
Accordingly, we find that U.S. Fire Insurance Company and Transcontinental Insurance Company are co-primary insurers providing coverage for the underlying claim.
For the foregoing reasons, we affirm the trial court judgment in part, and reverse in part.
WRIT GRANTED; JUDGMENT AFFIRMED IN PART, REVERSED IN PART.